PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE, | ) | |
| | ) | CASE NO.  5:26CV0154 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CITY OF AKRON, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2 and 3] |

This is another civil action filed by *Pro Se* Plaintiff Elhadj Alpha Mahmoud Souare in which he seeks to proceed *in forma pauperis* ("IFP").  For the following reasons, his Application to Proceed IFP (ECF No. 2) is denied, and this action is dismissed.

Pursuant to 28 U.S.C. § 1915(a)(1), a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  But proceeding IFP in federal court is a privilege and not a right, and permission to do so is committed to the sound discretion of the Court.  *Wilson v. Yaklich, 148 F.3d 596, 603 (6th Cir. 1998)*; *Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir. 1991), superseded by statute on other grounds as discussed in In re Prison Litig. Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997))*; *Marshall v. Beshear, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010)*.  An application is properly denied when the litigant fails to provide

(5:26CV0154)

information concerning his expenses and financial obligations, as required, such that the court may make a determination as to her ability to pay the filing fee.  *Flippin v. Coburn*, 107 Fed.Appx. 520, 521 (6th Cir. 2004).  Furthermore,  although pauper status does not require absolute destitution, *see Foster v. Cuyahoga Cty. Dep't of Health & Human Serv.*, 21 Fed.Appx. 239, 240 (6th Cir. 2001), a plaintiff is required to demonstrate via affidavit that "because of his poverty," he cannot pay the fee and continue to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see Givens v. Shadyside Police Dept.*, No. 2:22-cv-4268, 2023 WL 3089066, at *5 (S.D. Ohio April 26, 2023) (a litigant has an obligation of truthfulness in his filings, as well as a burden to demonstrate that he should be granted IFP status), *report and recommendation adopted*, No. 2:22-cv-04268, 2023 WL 3868394 (S.D. Ohio June 7, 2023).

The Court does not find that Plaintiff has provided valid and sufficient information regarding his financial circumstances to justify granting him leave to proceed IFP.  Plaintiff did not complete and submit the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239 (Rev. 01/15)) used in this district, but instead submitted another, more limited short form application, which does not provide sufficient information as to all categories of his financial situation necessary for the Court to make a determination as to his ability to pay the filing fee.

In addition, Plaintiff's Application (ECF No. 2) is implausible on its face.  It indicates Plaintiff has no financial resources of any kind, but as another district judge of this court recently held in denying him pauper status, *see Souare v. Sickels*, No. 5: 25CV2674, slip op. (N.D. Ohio

(5:26CV0154)

Jan. 8, 2026), Plaintiff has previously paid the $405 filing fee in at least nine (9) other civil

actions filed in this district.  *See Souare v. Akron Children's Hosp.*, No. 5:25CV1434 (N.D. Ohio

filed July 9, 2025); *Souare v. Summit Cnty., Ohio*, No. 5:25CV1209 (N.D. Ohio filed June 9,

2025); *Souare v. Hill*, No. 5:25CV1152 (N.D. Ohio filed June 3, 2025); *Souare v. Hill*, No.

5:25CV0698 (N.D. Ohio filed April 8, 2025); *Souare v. Goodman Servs., LLC*, No. 5:25CV0696

(N.D. Ohio filed April 8, 2025); *Souare v. Akron Metro. Housing Auth.*, No. 5:25CV0695 (N.D.

Ohio filed April 8, 2025); *Souare v. Dept. of Dev. Disabilities*, No. 5:25CV0694 (N.D. Ohio filed

April 8, 2025); *Souare v. Ohio BMV*, No. 5:25CV0564 (N.D. Ohio filed March 24, 2025);

*Souare v. State of Ohio Child Support*, No. 5:25CV0476 (N.D. Ohio filed March 11, 2025).  This

suggests that Plaintiff does, in fact, have the means to pay the filing fees, and that this is a

situation in which he must "weigh the financial constraints posed by pursuing [his] complaint

against the merits of [his] claims."  *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012

WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012).  Plaintiff does not provide any explanation as to

how he was able to pay the filing fee in nine (9) other cases, but is unable to pay the fee in the

case at bar.

Accordingly, Plaintiff's Application to Proceed IFP (ECF No. 2) is denied.  Plaintiff's

Motion to Note Widespread Conditions (ECF No. 3) is denied as moot.

This action is dismissed without prejudice.  Plaintiff may move to reopen this case within

thirty (30) days of the date of this Order by paying the full filing fee of $405 and filing a

contemporaneous motion to reopen.  The Court will not accept any document for filing in the

present case, including a motion to reopen or a motion for reconsideration, unless the filing fee is

(5:26CV0154)

first paid in its entirety.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal

from this decision could not be taken in good faith.


       IT IS SO ORDERED.


    April 1, 2026                                       /s/ Benita Y. Pearson
Date                                            Benita Y. Pearson
                                            United States District Judge